IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff/Movant,

vs.                                     Civ. No.   07-0020 BB/LCS
                                                  Crim. No. 04-1749 BB

JOSE ANTONIO GUERRERO-CHAVEZ,

      Defendant/Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Movant Guerrero-Chavez's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 filed January 3, 2007.  (Doc. 1.)  Movant attacks the Sentence imposed on April 11, 2005 in the case styled *United States v. Jose Antonio Guerrero-Chavez*, CR 04-1749 BB, United States District Court for the District of New Mexico.  (Docs. 34, 35/04CR1749.)  The United States Magistrate Judge, having reviewed the Petition and having considered the submissions of the parties, the record herein, relevant authorities, and being otherwise fully advised, recommends that Movant's Petition be **DENIED IN PART** and that counsel be appointed and an evidentiary hearing be held on the remainder of the Petition.

1

**I.     PROCEDURAL HISTORY**

1.     On September 3, 2004, a federal grand jury returned a one-count Indictment against Movant. The Indictment charged Guerrero-Chavez, an alien who has a previous conviction for Corporal Injury to Spouse, with being found in New Mexico in violation of 8 U.S.C. §§ 1326(a)(1)-(2) and (b)(1). (Doc. 6/04CR1749.)

2.     The Court appointed Mr. Marc Robert as Movant's counsel. (Doc. 3/04CR1749.) On September 10, 2004, Guerrero-Chavez pled not guilty to the Indictment and the matter was set for trial. (Docs. 7, 9/04CR1749.) On September 27, 2004, counsel for the United States moved to strike the language from the Indictment that identified Movant's prior felony as "Corporal Injury to Spouse." (Doc. 10/04CR1749.) Counsel explained that the felony was not an element of Movant's current offense, but rather was "only relevant in determining the appropriate sentence for violation of 8 U.S.C. [§] 1326(a)(1)"-(2). (*Id.* at 1-2.) The Court never ruled on this motion.

3.     On November 22, 2004, Mr. Robert moved to withdraw as Counsel for Mr. Guerrero-Chavez. (Doc. 20/04CR1749.) Mr. Robert explained that Movant was dissatisfied with his representation, even after Mr. Robert attempted to resolve Movant's concerns. (*Id.* at 1.) The Court granted Mr. Robert's motion to withdraw and appointed Mr. Louis Lopez as Movant's new counsel. (Docs. 21, 22/04CR1749.)

4.     Movant changed his plea from not guilty to guilty on February 14, 2005.[1] (*See* Doc. 31/04CR1749.) At his plea hearing, Movant stated that he understood his rights as a

---

[1] Movant did not plead guilty pursuant to a plea agreement with the Government. (*See* Doc. 31/04CR1749.)

2

criminal defendant and agreed to waive those rights.[2] (Tr. Of Plea Hr'g at 5:6-25; 6:1; 8:10-25.) Movant also stated that he had discussed the case and gone over the Indictment with his attorney. (*Id.* at 4:5-16.) The Indictment still contained the language identifying Movant's prior felony as "Corporal Injury to Spouse." (*See id.* at 7:18-25; 8:1-9.) Movant's attorney explained to the Court that there was some disagreement between counsel about whether "Corporal Injury to Spouse" was a felony in California – the state in which Movant received the conviction. (*Id.* at 7:18-25; 8:1.) Mr. Lopez went on to concede that for purposes of this case, the conviction is a crime of violence and considered to be an aggravated felony. (*Id.* at 8:1-9.) Under careful and thorough questioning by the Honorable Bruce D. Black, United States District Judge, Movant affirmed that he was satisfied with his attorney, he understood the charge and possible penalties, and he agreed the facts of the case as presented by the Government were true and correct. (*Id.* at 4:8-10, 17-25; 5:1-5; 6:21-25; 7:1-11; 9:13-15.) Accordingly, Judge Black found that Movant's plea was free and voluntary and that Movant fully understood the charge and possible penalties. (*Id.* At 9:16-25.)

     5.     On April 11, 2005, Movant appeared before Judge Black for sentencing. (Doc. 34/04CR1749). At the sentencing hearing, Movant's attorney addressed the Court. (Tr. of Sentencing Hr'g at 3:1-25; 4:1-25; 5:1-25; 6:1-25; 7:1-11.) He first explained that he did not believe Movant was satisfied with his representation, nor would Movant be satisfied with any lawyer because of the high sentences imposed for repeated immigration violations. (*Id.* at 3:4-21.) Mr. Lopez went over Movant's history of alcohol abuse and asked the Court to consider sentencing Movant below the guideline range of 57 to 71 months. (*Id.* at 3:22-25; 4:1-3.) Mr.

---

[2] A copy of the Plea Hearing Transcript is on file with the Court.

Lopez pointed out that Movant's prior felony occurred over a decade ago, and that Movant had a family in the United States. (*Id.* at 4:4-25; 5:1-15.) Finally, Mr. Lopez mentioned that Movant had mistakenly believed that the Court promised Movant an eight month sentence during the plea hearing. (*Id.* at 6:3-25; 7:1-11.) Mr. Lopez tried to explain to Movant that the Court never promised an eight month sentence, but he was unsure of whether Movant understood. (*Id.*) Movant also addressed the Court and stated that he thought Judge Black promised him an eight month sentence, and he did not think the Court would use his criminal history for purposes of this sentence.[3] (*Id.* at 8:2-8.) Judge Black explained to him that criminal history is a factor in sentencing under the federal guidelines, and that in this case, the minimum sentence would be 57 months. (*Id.* at 8:9-19; 9:11-12; 10:3-6.) Movant stated that he understood. (*Id.* at 9:13-14.) The Court sentenced Movant to 57 months in the custody of the Bureau of Prisons. (Docs. 34, 35/04CR1749.) The sentence was imposed based on an offense level of 21, a criminal history category of IV, and a sentencing range of 57-71 months. (Tr. of Sentencing Hr'g at 10:7-20.)

6. Mr. Lopez moved for leave to withdraw as Movant's attorney on April 13, 2005. (Doc. 36/04CR1749.) Mr. Lopez explained in his motion that Movant wanted different counsel. (*Id.* at 1.) The Court denied Mr. Lopez's motion on April 19, 2005. (Doc. 37/04CR1749.) Movant filed a notice of appeal on April 18, 2005. (Doc. 38/04CR1749.) Mr. Lopez filed an *Anders* brief with the Tenth Circuit and moved to withdraw as Movant's appellate counsel. (*See* Doc. 42 at 3/04CR1749.) In his *Anders* brief, Mr. Lopez argued "that there [was] no basis for

---

[3] The only mention of "eight months" in the plea hearing transcript is when counsel for the United States informed Judge Black that Mr. Guerrero-Chavez had already been incarcerated for almost eight months. (Tr. of Plea Hr'g at 10:7-11.) In response, Judge Black said he would "make of note of that and" would "see if we can expedite the PSR and perhaps get [Mr. Guerrero-Chavez] sentenced shortly." (*Id.* at 10:12-14.) The Court never promised Movant an eight month sentence.

4

challenging Guerrero-Chavez's guilty plea or his sentence and that there [was] therefore no legally non-frivolous issue to raise on appeal." *United States v. Guerrero-Chavez*, 2006 WL 1165944, at *2 (10th Cir. May 3, 2006). Movant responded by asserting that "the district court erred in increasing his base offense level by sixteen points . . . ." *Id.* The Tenth Circuit found Movant's argument unpersuasive.[4] *Id.* The Tenth Circuit granted Mr. Lopez's request to withdraw and dismissed the appeal. *Id.* at *3.

7. Guerrero-Chavez filed the present Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 with this Court on January 3, 2007. (Doc. 1.) The United States filed its Response to Movant's Motion on April 11, 2007. (Doc. 7) Movant filed a reply on May 16, 2007. (Doc. 8.)

**II.   ANALYSIS**

Movant raises the following issues:

I.   Whether Movant's guilty plea was invalid because the plea was not entered into knowingly and voluntarily.

II.   Whether Movant was denied effective assistance of counsel with respect to the issue of the 16 level enhancement.

III.   Whether Movant was denied effective assistance of counsel on the issue of a downward departure.

IV.   Whether Movant is entitled to a sentence reduction for his post offense efforts at rehabilitation.

8. After reviewing the motions, files, and records of the case, if this Court has any question as to whether the prisoner is entitled to relief, 28 U.S.C. § 2255 directs that I hold an

---

[4] Movant does not raise the issue here that he previously raised in the Tenth Circuit. *See Guerrero-Chavez*, 2006 WL 1165944, at *2.

evidentiary hearing to "determine the issues and make findings of fact . . . ."  When reviewing the motions, the Court will liberally construe a *pro se* litigant's pleadings and hold them to a less stringent standard than pleadings drafted by an attorney.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).  If the record conclusively shows Movant is not entitled to relief, the Court may deny his § 2255 motion without an evidentiary hearing.  28 U.S.C. § 2255; *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (citation omitted).

      **A.**    **Movant has not demonstrated that his guilty plea was unknowing and involuntary.**

9.    Where a defendant "has pled guilty, the only non-jurisdictional avenue for challenging his conviction is to claim that his plea was not knowing and voluntary."  *Romero v. Tansy*, 46 F.3d 1024, 1033 (10th Cir. 1995) (citing *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984); *Barker v. United States*, 579 F.2d 1219, 1225-26 (10th Cir. 1978)).  Constitutionally ineffective assistance by defense counsel "can render a plea involuntary."  *Id.* (Citing *Varela v. Kaiser*, 976 F.2d 1357, 1357 (10th Cir. 1992), *cert. denied*, 507 U.S. 1039 (1993).  To prove that his counsel's assistance was constitutionally ineffective, Mr. Guerrero-Chavez has the burden of meeting the two prong test formulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, Movant must "show that Mr. [Lopez's] performance fell below an objective standard of reasonableness and that [Movant] was prejudiced thereby."  *Romero*, 46 F.3d at 1033 (citing *Strickland*, 466 U.S. at 687-88).  "Because [Movant] has pled guilty, the prejudice prong of the *Strickland* standard requires [Movant] to show 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"  *Id.* (quoting *Laycock v. New Mexico*, 880 F.2d 1184,

6

1187 (10th Cir. 1989); citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

10.  After carefully examining the record, I do not find that Mr. Lopez's performance fell below an objective standard of reasonableness.  Movant claims that Mr. Lopez was ineffective by failing to advise him that the Court could enhance his sentence by sixteen levels because of Movant's previous conviction for Corporal Injury to Spouse.  (Doc. 2 at 6.)  In fact, Movant claims that his attorney advised him that his sentence *would not be enhanced* by sixteen levels due to his prior conviction.  (*Id.*)  Both Mr. Lopez's affidavit and the plea hearing transcript refute Movant's claim, however, and Movant does not go beyond conclusory allegations to support his contentions.  *See Hall*, 935 F.2d at 1110.

11.  In his affidavit, Mr. Lopez asserts:

> At all times during our representation, and throughout his plea, I advised Mr. Guerrero that his prior conviction would be used against him for purposes of increasing his sentence.  I never advised him that his sentence would not be enhanced 16 levels.  To the contrary, my advice to him that the 16 level increase was the reason stalled [sic] all plea negotiations ceased as the news caused my client to request a trial in this matter.  It wasn't until a few weeks from trial did Mr. Guerrero finally change his mind and plea. . . .  I did tell him that if all [the] information that I had is correct, the prior conviction being used by the government was a felony and a crime of violence.  And if so, I informed him, he would receive a 16 level increase.

(Doc. 7, Aff. at 1.)  The affidavit Movant offers from his former attorney (Mr. Robert) does nothing to refute Mr. Lopez's testimony.  (Doc. 8, Aff.)  In fact, the affidavit and accompanying October 22, 2004 letter from Mr. Robert to Movant demonstrate Movant was on notice that if he plead guilty, he could face a sentencing range of 57 to 71 months.  (*Id.*)

12.  Moreover, Mr. Guerrero-Chavez's testimony during his plea hearing undermines his claim that his attorney did not inform him of the 16 level enhancement.  At the plea hearing,

7

Movant's attorney told the Court that there was disagreement about whether Movant's prior conviction was a felony in California, but conceded that the conviction was a crime of violence for purposes of this case. (Tr. of Plea Hr'g at 7:18-25, 8:1-9.) Despite this concession, Movant affirmed to the Court that he had discussed the case and gone over the indictment with his attorney, he was satisfied with his attorney, he understood the charge and possible penalties, and he agreed the facts of the case as presented by the Government were true and correct. (*Id.* at 4:5-25; 5:1-5; 6:21-25; 7:1-11; 9:13-15.) Accordingly, Judge Black found that Movant's plea was free and voluntary and that Movant fully understood the charge and possible penalties. (*Id.* At 9:16-25.) A defendant's statements on the record, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (quoted in *Romero*, 46 F.3d at 1033). "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* at 74 (citations omitted).

13. Mr. Guerrero-Chavez's conclusory allegations that his plea was unknowing and involuntary are refuted by Mr. Lopez's affidavit and by Mr. Guerrero-Chavez's own admissions in open court. Judge Black found that Movant's plea was free and voluntary and that there was a factual basis for Movant's plea. Based on the foregoing, I find that Movant has failed to demonstrate that his attorney's performance fell below an objective standard of reasonableness.

14. Even if Mr. Lopez's performance was constitutionally ineffective, Movant has failed to demonstrate *Strickland*'s second prong – prejudice. "Because [Movant] has pled guilty, the prejudice prong of the *Strickland* standard requires [Movant] to show 'that there is a

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Romero*, 46 F.3d at 1033 (quoting *Laycock v. New Mexico*, 880 F.2d 1184, 1187 (10th Cir. 1989); citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).  Mr. Guerrero-Chavez has not even alleged that but for the alleged errors of his attorney, he would have insisted on going to trial.  (*See* Docs. 1-2, 8.)  Further, the plea hearing transcript establishes that Movant understood the charges against him and the possible penalties.  (Tr. of Plea Hr'g at 4:21-24; 6:6-9, 21-25; 7:1-11.)  Because Mr. Guerrero-Chavez pleaded guilty after the thorough questioning by Judge Black and explanations by the Court and the Government at his plea hearing, his conclusory allegations now are insufficient to establish prejudice.  *See Stafford v. Saffle*, 34 F.3d 1557, 1564-65 (10th Cir. 1994) (conclusory allegations not sufficient to show prejudice under *Strickland*).  For these reasons, Movant's claim should be denied.

### B. The Court will conduct an evidentiary hearing on the issue of the 16 level enhancement.

15.     The Court has liberally construed the issue of Movant's 16 level enhancement and will conduct an evidentiary hearing on this claim.[5]  Based on the supporting affidavit from Mr. Robert, it appears Movant wishes to claim ineffective assistance of counsel in that Mr. Lopez did not contest the issue of whether Movant's prior conviction was a felony or a misdemeanor.  To demonstrate ineffective assistance of counsel, Movant must show that Mr. Lopez's failure to challenge the issue of Movant's prior conviction was professionally unreasonable, and that this failure prejudiced Movant.  *See Strickland*, 466 U.S. at 687.  While Mr. Robert asserts in his

---

[5] In his memorandum, Movant refers to this claim as a *Booker* issue.  (Doc. 2 at 6-8.)  Based on a reading of the motion and memorandum, it appears to the Court that Movant is basically claiming ineffective assistance of counsel.  If, after counsel has been appointed, counsel decides it is in Movant's best interests to file an amended petition to add new claims regarding this or any other issue, the Court will consider a motion to file such a petition.

affidavit that he "would have challenged the conclusion that a 16 level increase should be applied to Mr. Guerrero's case at sentencing," (*see* Doc. 8, Aff. at 4), the Court declines to recommend that Mr. Lopez's failure to contest this conclusion was unreasonable until after an evidentiary hearing.

      16.     It does appear, however, that Movant has a solid basis on which to argue *Strickland*'s prejudice prong. The presentence report[6] ("PSR") in this case reflects that Movant has a 1992 conviction for Corporal Injury to Spouse pursuant to California Penal Code § 273.5(a). (PSR at 4.) Section 273.5 states:

> Any person who willfully inflicts upon a person who is his or her spouse, former spouse, cohabitant, former cohabitant, or the mother or father of his or her child, corporal injury resulting in a traumatic condition, is guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not more than one year, or by a fine of up to six thousand dollars ($6,000) or by both that fine and imprisonment.

Mr. Guerrero-Chavez's "prior conviction is a so-called 'wobbler' offense because it is punishable either as a misdemeanor or as a felony." *Lockyer v. Andrade*, 538 U.S. 63, 67 (2003) (citations omitted). "California courts have discretion to reduce" the charge from a felony to a misdemeanor at sentencing by imposing a sentence of less than one year in a county jail. *Ewing v. California*, 538 U.S. 11, 28-29 (2003) (citations omitted); *see also Lockyer*, 538 U.S. at 67 (citations omitted). According to California Penal Code § 17(b)(1), "[w]hen a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes . . . [a]fter a judgment imposing a punishment other than imprisonment in the state prison." The court in Mr. Guerrero-

---

[6] A copy of the PSR is on file with the Court.

Chavez's case sentenced him to only 62 days in county jail and 48 months probation. (PSR at 4.) From this information, it appears that Mr. Guerrero-Chavez's prior conviction may fall within the definition of a misdemeanor. Consequently, the failure to argue this issue may indeed have resulted in prejudice to Movant.

17. From Mr. Robert's affidavit and the Court's own research, I cannot conclude that Movant is not entitled to relief. *See* § 2255. For this reason, I will appoint counsel and order an evidentiary hearing on this issue. Because the first four of Movant's six claims for ineffective assistance of counsel are related to the issue of Movant's prior conviction, these claims will also be heard at the evidentiary hearing.[7]

      **C.**     **Movant fails to demonstrate ineffective assistance of counsel on his remaining claim.**

18. Movant fails to demonstrate ineffective assistance of counsel on his remaining claim that Mr. Lopez "was ineffective for failing to seek a downward departure for deportable alien status . . . ." (Doc. 2 at 13.) Defendant's contention that he is eligible "for a downward departure based on the 'collateral consequences' of his status as a deportable alien[,]" however, is mistaken. *United States v. Ozuna-Portillo*, Civ. No. 07-89 JB/LAM, Doc. 3 at 2 (quoting *United States v. Tamayo*, 2006 WL 52792, at *2 (10th Cir. Jan. 11, 2006)). The Tenth Circuit has held that "privileges like pre-release programs are 'collateral consequences' of a defendant's deportable alien status and . . . are not grounds for a downward departure of a defendant's

---

[7] From the memorandum accompanying Movant's motion pursuant to § 2255, the first four claims of ineffective assistance of counsel are: (1) "trial counsel was ineffective for failing to investigate prior conviction before advising Movant to plead guilty"; (2) "trial counsel was ineffective for failing to object to paragraph 10 of the presentence report"; (3) "appellate counsel was ineffective for failing to appeal the 16 level enhancement"; (4) trial counsel was ineffective for failing to object to sentence as being violative of *Booker* . . . ." (Doc. 2 at 11-13.)

sentence." *Asencion v. United States*, 2007 WL 1139412, at *1 (D. Utah April 17, 2007) (quoting *Tamayo*, 2006 WL 52792, at *2-3). Consequently, Movant has failed to show that "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Nor can I say that Mr. Lopez acted unreasonably. Attorneys are not expected to make meritless arguments. *Martin v. Kaiser*, 907 F.2d 931, 936 (10th Cir. 1990) (citing *Strickland*, 466 U.S. at 691-96). Because such an argument would have failed on the merits, Movant also fails to demonstrate prejudice. I recommend that this claim be denied.

### D. Movant is not entitled to a sentence reduction for his post offense efforts at rehabilitation.

Movant argues that his efforts at rehabilitation warrant a downward departure of his sentence. (Doc. 2 at 14-15.) Such a claim, however, is not appropriate in a § 2255 motion. "[P]ost-sentencing rehabilitation and education are not circumstances, standing alone, that provide a basis for collaterally attacking [a] sentence." *United States v. Dugan*, 57 F. Supp. 2d 1207, 1209 (D. Kan. 1999) (see cases cited therein). While this claim is not properly brought before the Court in a § 2255 motion, there is nothing that prevents Movant from raising the issue if he prevails on his other claims and is resentenced. I recommend denying the claim at this time.

### III. RECOMMENDATION

19. I recommend that Mr. Guerrero-Chavez's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be **DENIED IN PART** and that the Court appoint counsel on the issues regarding Movant's 16 level enhancement and the related ineffective assistance of counsel claims discussed herein and set an evidentiary hearing.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**